# C. H. CHANEY, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, January 5, 1903.

**Damages: EXCESSIVE VERDICT: EVIDENCE.** Where the evidence is conflicting as to the amount of damages and the plaintiff remits a part of the verdict, the appellate court holds the remainder not excessive on testimony.

Appeal from Morgan Circuit Court.—*Hon. James E. Hazell,* Judge.

AFFIRMED.

*Wm. S. Shirk* for appellant.

The court erred in assessing plaintiff's damages at a sum in excess of that at which the plaintiff himself placed them. Shortly after the fire occurred the plaintiff presented to the defendant his claim for damages, placing his loss at forty-two dollars. Yet the court, by its finding and judgment gave him more than this sum. No authorities are needed to convince the court that this was error.

*Forman & Neville* for respondent.

No brief.

BROADDUS, J.—The finding and judgment in this case as it stands, after a remittitur in the circuit court by the plaintiff of $1.30, is $42. The only ground relied on for a reversal is that said finding and judgment are excessive.

It is admitted that plaintiff's fence was destroyed by fire set out by defendant's engine. Prior to the commencement of the suit plaintiff communicated with

the defendant and placed his damages at $42. On the trial there was evidence tending to show that plaintiff's damage was in excess of the amount claimed, and other evidence that it was much less. Incompetent evidence, it is true, was admitted on the part of the plaintiff, but no exceptions were made to such evidence, consequently the action of the court in that respect is not subject to review by this court.

The court sitting as a jury heard all the evidence and rendered a verdict for $43.30. The plaintiff for some reason thought it best to remit $1.30 of this verdict, presumably for the purpose of making it consistent with his original claim for $42.

This is all there is in the case. For the reasons given the cause is affirmed. All concur.